UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x 14 CV 751 (BMC)
REMO ROBINSON and SHOCKKIA BOBBITT,

                              Plaintiffs,

                                            AMENDED COMPLAINT

-against-

                                            JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE STEVE
LAFORTUNE (Tax # 928609), POLICE OFFICER
QASSIM AHMED (Shield # 7194), SERGEANT SEAN
MITCHEL (Shield # 4543), SERGEANT ROBERT
MALONEY (Tax # 930840)  and POLICE OFFICER(S)
JOHN DOE 1-15,

                              Defendants.
------------------------------------------------------------------------x

Plaintiffs REMO ROBINSON and SHOCKKIA BOBBITT (hereinafter "plaintiffs"), by their attorney(s) THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK, DETECTIVE STEVE LAFORTUNE (Tax # 928609), POLICE OFFICER QASSIM AHMED (Shield # 7194), SERGEANT SEAN MITCHEL (Shield # 4543), SERGEANT ROBERT MALONEY (Tax # 930840) and POLICE OFFICER(S) JOHN DOE 1-15 (collectively referred to as the Defendants), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance,

        regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. Plaintiff REMO ROBINSON is a resident of the County of Kings, City and State of New York. Plaintiff is an African American male of full age.

6. Plaintiff SHOCKKIA BOBBITT is a resident of the County of Kings, City and State of New York. Plaintiff is an African American female of full age.

7. At all relevant times DETECTIVE STEVE LAFORTUNE (Tax # 928609), POLICE OFFICER QASSIM AHMED (Shield # 7194), SERGEANT SEAN MITCHEL (Shield # 4543), SERGEANT ROBERT MALONEY (Tax # 930840) and POLICE OFFICER(S) JOHN DOE 1-15 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the NYPD.

8. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department, the NYPD.

9. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. Plaintiffs sue all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. On or about December 27, 2013, at approximately 06:00 a.m., inside of the plaintiffs' residence described as 654 Kingsborough 6 Walk, #1C, Brooklyn, New York 11233 (hereinafter "subject premises"), the plaintiffs were illegally and unlawfully arrested by the defendant police officers.

12. Also present within the subject premises at the time of the incident were the following person(s): Alexandra Crum (the sister of the plaintiff Remo Robinson; and mother of the plaintiff Shokkia Bobbitt); and Shockuone (the infant son of Alexandra Crum).

13. That prior to their arrest(s), the plaintiff Remo Robinson was asleep in the living room of the subject premises. Also asleep in the living room of the subject premises at that time was Shockuone. The plaintiff Shokkia Bobbitt was asleep in one of the bedrooms of the subject premises prior to her arrest.

14. That the plaintiffs were thus situated when they heard the front door of the subject premises being broken open. That subsequently, all of the defendant officers forcibly entered into the subject premises, and immediately placed all of the occupants, including the plaintiffs, in handcuffs.

15. That the defendant officers claimed that they had obtained entry to the subject premises in the manner they did, pursuant to a search warrant that had been issued by judge.

16. That the defendant officers failed and/or refused to show or display a search warrant to the plaintiffs at the time of, or subsequent to their entry into the subject premises.

17. That if indeed true that the defendant officers had obtained a search warrant, said warrant was only obtained by misleading and misinforming the judge who issued said warrant.

18. That the subject premises were subsequently searched by the defendant officers. Absolutely nothing illegal was recovered within the subject premises by any of the defendant officers.

19. That despite the fact that the defendant officers did not find anything illegal within the subject premises, the plaintiffs, were taken from the subject premises in handcuffs, and placed into a van that was parked outside of said premises.

20. That at that time the plaintiffs were taken away from the subject premises, the defendant officers claimed that they had recovered a "scale" and empty "baggies".

21. However, the defendant officers did not recover any empty "baggies" within the subject premises, or indeed, upon the person of any of the plaintiffs.

22. Furthermore, what the defendant officers claimed was a "scale" was in fact, a charger for a "Kindle" device.

23. Indeed, said "Kindle" charger was returned to the plaintiff Remo Robinson by the defendant officers, upon his release from custody.

24. That approximately 01:00 p.m., the plaintiffs were taken to the 77th police precinct. Upon arrival at the 77th precinct, the plaintiffs were placed in different holding cells.

25. Each plaintiff was subsequently photographed and fingerprinted.

26. At approximately 06:30 p.m., each plaintiff was released from the precinct, after he/she had been issued with a desk appearance ticket that mandated that he/she report to Kings County Criminal Court to defend him/herself against criminal charges of "Criminally using Drug Paraphernalia in the Second Degree [NYS Penal Law § 220.50.02], on March 12, 2014.

27. That when the plaintiffs reported to Kings County Criminal Court on March 12, 2014, they were informed by court personnel that the court was not in possession of paperwork pertinent to the plaintiffs' criminal matter(s),

28. That when the plaintiffs reported to Kings County Criminal Court on March 12, 2014, they were told return home, and call the court after thirty (30) days if they (the plaintiffs) did not receive any paperwork from the court within thirty days.

29. As such, as far as the plaintiffs are aware, the criminal action(s) against them are currently pending.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983

30. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. The arrest, detention and imprisonment of each plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing said plaintiff's arrest, detention or imprisonment.

32. As a result of each plaintiff's false arrest, detention and imprisonment, he/she has been caused to suffer humiliation, great

|   |   |
|---|---|
|    | mental and physical anguish, embarrassment and scorn among those who know him/her, was prevented from attending to his/her necessary affairs, and has been otherwise damaged in his/her character and reputation. |
| 33. | Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally. |

CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE
UNDER 42 U.S.C § 1983

34. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to his/her constitutional rights, as more fully set forth above.

36. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his/her constitutional rights, despite having had a realistic and reasonable opportunity to do so.

37. As a consequence of said defendants' actions, each plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his/her constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

38. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

39. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

40. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the CITY and the NYPD.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY and the NYPD include, but are not limited to the following unconstitutional practices:
Allowing the defendant officers to forcibly, unlawfully and illegally enter into premises of citizens, in order to conduct illegal and unlawful searches therein, or make warrantless arrests.

42. That the defendant CITY failed to supervise the defendant officers, and stop them from committing said illegal and unlawful actions.

43. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY and the NYPD, constituted a deliberate indifference to the safety, well-being and constitutional rights of all citizens, including but not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a) The right of each plaintiff to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b ) The right of each plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to them by the Fifth and Fourteenth Amendments to the Constitution of the United States.

44. As a result of the actions of the defendants, the plaintiffs were deprived of their rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the

                laws of New York State, without just or legal cause, when defendant City, by its employees and/or agents unlawfully arrested each plaintiff, thereby depriving each plaintiff of his/her liberty without due process of law.

45.      The defendant officers were the actual agents of the defendant CITY and the NYPD and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated each plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiffs for the damages they suffered.

46.      The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant CITY and the NYPD, and the CITY and the NYPD had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

47.      The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law.

WHEREFORE, each plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;
3. For costs of suit herein, including the plaintiffs' reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       March 19, 2014

                                      LAW OFFICES OF WALE MOSAKU, P.C.

                         By:            /s/

                         Wale Mosaku (AM5872)
                         Attorney(s) for the Plaintiffs
                         25 Bond Street, 3rd Floor
                         Brooklyn, N.Y. 11201
                         (718) 243-0994

Karl Ashanti, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendants
THE CITY OF NEW YORK and DETECTIVE STEVE LAFORTUNE
100 Church Street
New York, N.Y. 10007
(212) 356-2371

POLICE OFFICER QASSIM AHMED (Shield # 7194)
Defendant Pro se
NYPD 79th Police Precinct
263 Tompkins Avenue
Brooklyn, New York 11221

SERGEANT SEAN MITCHEL (Shield # 4543)
Defendant Pro se
NYPD 77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213

SERGEANT ROBERT MALONEY (Tax # 930840)
Defendant Pro se
NYPD 77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: 14 CV 751 (BMC)
_____
REMO ROBINSON and SHOCKKIA BOBBITT,

                                            Plaintiffs,

        -against-

THE CITY OF NEW YORK, DETECTIVE STEVE
LAFORTUNE (Tax # 928609), POLICE OFFICER
QASSIM AHMED (Shield # 7194), SERGEANT SEAN
MITCHEL (Shield # 4543), SERGEANT ROBERT
MALONEY (Tax # 930840)and POLICE OFFICER(S)
JOHN DOE 1-15,

                                            Defendants.
_____

                    AMENDED COMPLAINT
_____

            LAW OFFICES OF WALE MOSAKU, P.C.
               Attorney(s) for Plaintiff(s)
                25 Bond Street, 3rd Floor
                 Brooklyn, New York 11201
                      (718) 243-0994
_____
```

**To:**                                     Service of a copy of the within
                                            is hereby admitted.

                                            Dated:................ 201_

**Attorney(s) for Defendants**

_____